Ahren A. Tiller, Esq. [SBN: 250608]
ahren.tiller@blc-sd.com
Brett F. Bodie, Esq. [SBN: 264452]
brett.bodie@blc-sd.com
Bankruptcy Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026

Attorneys for Plaintiff
JOYCE MARIE LARGE

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE MARIE LARGE,<br><br>             Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION; EXPERIAN INFORMATION SOLUTIONS, INC.; and DOES 1-100<br><br>             Defendants | **CASE NO:** '16CV2198 GPC BGS<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. §§ 1681 et. seq.); & CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT (Cal. Civ. Code §1785.3 et. seq.)**<br><br>Jury Trial Demanded |

## INTRODUCTION

1. This is an action for damages brought by individual consumer JOYCE MARIE LARGE (hereinafter referred to as "Plaintiff") against BANK OF AMERICA, NATIONAL ASSOCIATION (hereinafter referred to individually as "Defendant BOA") and EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter individually as "Defendant Experian") (both collectively referred to as "Defendants") for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §§ 1681, *et seq*., and California Consumer Credit Reporting  Agencies Act (hereafter "CCRA") Cal. Civ. Code §1785.3 et. seq.

2. Congress determined the banking system is dependent upon fair and accurate credit reporting and that inaccurate credit reports directly impair the efficiency of the banking system and undermine the public confidence[1].  Congress' explicit purpose of enacting the FCRA was to require reasonable procedures for meeting the needs of consumer credit while doing so in a manner that is fair and equitable to consumers with regards to the confidentiality, accuracy, relevance, and proper utilization of such information[2].

3. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding herself, which are made on personal knowledge.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §§ 1681 *et. seq.*

5. Venue is proper in this District as the Plaintiff is and was at all times described herein, a natural person residing in the County of San Diego and the Defendants conduct regular business within the County of San Diego.   Furthermore, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the County of San Diego, California.  Therefore, jurisdiction is proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff is a natural person who, at all times relevant herein, resides in the County of San Diego, State of California.

---

[1] 15 U.S.C. §1681(a)
[2] 15 U.S.C. §1681(b)

BANKRUPTCY LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

7.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c), and Cal. Civ. Code §1785.3(b).

8.  Defendant BOA is a national banking association headquartered in North Carolina that regularly conducts business in the State of California, County of San Diego.

9.  Defendant BOA is a "person" as that term is defined in 15 U.S.C. §1681a(b), and Cal. Civ. Code §1785.3(j).

10. Defendant BOA as part of its regular business practices reports information to various Consumer Reporting Agencies.  Therefore, Defendant BOA is a "Furnisher of Information" within the meaning of 15 U.S.C. §§ 1681, et. seq.

11. Defendant Experian is a nation-wide Credit Bureau that reports information regarding individual consumer credit files as part of its regular business practices.

12. Defendant Experian is headquartered in Costa Mesa, CA and regularly conducts business in the State of California, County of San Diego.

13. Defendant Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing to third parties "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

14. Defendant Experian furnishes said consumer reports to third parties for monetary compensation.

15. Defendant Experian is therefore a "Consumer Reporting Agency" ("CRA") as that term is defined by 15 U.S.C. §1681a(f), and Cal. Civ. Code §1785.3(d).

16. Plaintiff is ignorant of the true names and capacities of each Defendant sued herein as DOES 1 through 100 (hereinafter "Does"), inclusive, and therefore sues those Defendants by such fictitious names.  Plaintiff will seek leave to amend this Complaint to include the true names and capacities of those Defendants when they have been ascertained.  At all times mentioned herein,

BANKRUPTCY LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

each of the Does sued herein was the agent and / or employee of one or more of the remaining Defendants and was acting within the purpose and scope of such agency and/or employment.

## GENERAL ALLEGATIONS

17. Plaintiff realleges and incorporates by reference Paragraphs 1 through 16, inclusive, as if fully set forth.

18. On May 23, 2014, Plaintiff filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code in the Southern District of California, with case no. 14-04087-CL7, case titled: *In re Joyce Marie A Large* (hereinafter "Bankruptcy Case").

19. Plaintiff listed Defendant BOA in her Bankruptcy Case schedules with a mailing address of P. O. Box 982235, El Paso, Texas 79998.

20. At their request, Creditors may register for Electronic Data Interchange (hereinafter "EDI") notice for bankruptcy cases in the Sothern District of California through the Court's Electronic Bankruptcy Noticing Service (hereafter "EBN").  Defendant BOA is a participant in the Court's EBN program.  Through the EBN program, Defendant BOA has requested that when a bankruptcy case is filed and they are listed as a creditor, that the Clerk of the Court automatically replaces any written address scheduled by a bankruptcy Debtor with an electronic mail address that Defendant BOA provided. By participating in EBN, Defendant BOA has instructed the Bankruptcy Court to send a direct electronic transmission to a specific electronic noticing e-mail address set up by Defendant BOA with the bankruptcy court.

21. On May 27, 2014, the clerk of the Court for the United States Bankruptcy Court, Southern District of California filed its "Court Certificate of Mailing with Service by BNC" for the Chapter 7 Meeting of Creditors, as Dkt. No. 7 in

BANKRUPTCY LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

the Plaintiff's Bankruptcy Case (hereinafter "BNC Notice").  The BNC Notice certified that the Bankruptcy Court provided EDI notice of Plaintiff's Bankruptcy Case to Defendant BOA via their designated "BANKAMER.COM" EDI electronic notice address as requested.

22. On August 26, 2014, the Bankruptcy Court entered the Order for Discharge of Plaintiff's Bankruptcy case.

23. On August 28, 2014, the clerk of the Court for the United States Bankruptcy Court, Southern District of California filed its BNC Notice of the Discharge of Debtor, as Dkt. No. 14 in the Bankruptcy Case (hereinafter "Discharge Notice").  The Discharge Notice certified that the Bankruptcy Court once again provided EDI notice of Plaintiff's entry of Discharge in the Bankruptcy Case to Defendant BOA.

24. No motion for relief from stay was ever entered in the Bankruptcy Case.  As such, the automatic stay was in effect from the filing date of May 23, 2014 through the entry of discharge on August 26, 2014.

25. At some point between the filing of Plaintiff's Bankruptcy Case and the entry of Plaintiff's Bankruptcy Discharge Order, Defendant Experian became aware of Plaintiff's bankruptcy case as they began reporting the bankruptcy case in the "Public Records" section of Plaintiff's credit report soon after the entry of Discharge.  Similarly, virtually all other credit accounts that pre-dated the filing of Plaintiff's Bankruptcy Case were updated and reported by Defendant Experian to show a $0 balance, and further listed the Plaintiff's other accounts as: "included in bankruptcy" on Plaintiff's Experian credit report.

26. Despite being provided notice of Plaintiff's Bankruptcy Case filing and separately of the entry of Discharge, Defendant BOA did not update the information it furnished regarding Plaintiff's credit account with the major Credit Reporting Agencies (hereafter "CRA's") and continues to furnish an incorrect delinquent balance.

27. Despite being provided notice of Plaintiff's Bankruptcy Case, reporting its existence in the public records section of Plaintiff's credit report and updating all other pre-bankruptcy credit accounts to "included in bankruptcy," Defendant Experian did not update the information it reported regarding Plaintiff's BOA credit account and continues to report an incorrect delinquent balance owed.

28. On or about October of 2014, Plaintiff attempted to purchase a vehicle from Kearny Mesa Acura.  Plaintiff was denied credit and was not able to obtain financing to purchase said vehicle.  Plaintiff was specifically denied credit as a result of improper and inaccurate information being furnished by Defendant BOA and reported by Defendant Experian.

29. On or about February of 2015, Plaintiff again attempted to purchase a vehicle, this time from Poway Honda.  Plaintiff had a difficult time obtaining financing and ended up accepting financing through Capital One at a significantly higher interest rate than she would have qualified for, but for the inaccurate information furnished by Defendant BOA and reported by Defendant Experian.

30. On or about January 11, 2016, Plaintiff was offered employment with City National Bank.  Plaintiff accepted the offer of employment by City National Bank and was scheduled to start work on or about January 25, 2016.  Based upon the offer of employment by City National Bank, Plaintiff resigned from her previous employment, as she believed she would soon be starting the new position at City National Bank.

31. In the interim between Plaintiff's acceptance of the offer for employment and her date to start work, City National Bank performed a background check which included obtaining a credit report provided by Defendant Experian.

32. The credit report provided by Defendant Experian to City National Bank contained inaccurate information furnished by Defendant BOA regarding Plaintiff's BOA credit account that had been discharged in Plaintiff's bankruptcy case.

BANKRUPTCY LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

33. Instead of properly reporting the BOA account as having a $0 balance and showing it as "included in bankruptcy," Defendant BOA furnished and Defendant Experian reported that the account was delinquent approximately $8.412.00, was "charged off" and currently delinquent.

34. Prior to her scheduled start date of January 25, 2016, City National Bank informed Plaintiff that they were revoking the offer of employment and specifically cited the incorrect information furnished by Defendant BOA and reported by Defendant Experian as the reason for revoking her offer of employment with City National Bank.

35. Plaintiff was left without employment or any other means of income as a direct result of the Defendants' conduct.   Further, Plaintiff was not eligible for state unemployment benefits or any other mitigation options, because she had resigned from her prior position voluntarily based on the later revoked offer of employment by City National Bank.  This situation caused Plaintiff to suffer severe fear, anxiety and emotional distress.

36. Plaintiff was ultimately able to document for City National Bank that the information furnished by Defendant BOA and reported by Defendant Experian regarding the BOA account was incorrect.  Plaintiff was required to provide her Bankruptcy Case documentation along with other information to demonstrate to City National Bank that the BOA account was in fact discharged in Plaintiff's bankruptcy case and was not currently "charged off" with a large delinquent balance.

37. The process of demonstrating to City National Bank that the information regarding the BOA account was incorrect delayed Plaintiff's employment start date to February 29, 2016.  During that period, Plaintiff had no income and lost approximately $5,625.00 in unpaid wages during that period as a direct and proximate result of the inaccurate information furnished by Defendant BOA and reported by Defendant Experian.

BANKRUPTCY LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

38. On February 5, 2016, Plaintiff initiated a dispute with Defendant Experian for the account being furnished by Defendant BOA.  In the dispute submitted to Experian, Plaintiff provided an explanation that the BOA account was being reported with an incorrect balance and negative description as it had been discharged in Plaintiff's bankruptcy case (hereinafter "Dispute").

39. In the Dispute, Plaintiff requested the Defendants both verify and delete the balance owed on the BOA account, and accurately report said account as reflecting a "$0.00 balance owed" and "discharged in a Chapter 7 bankruptcy."

40. On February 5, 2016, Defendant Experian sent a Consumer Dispute Verification request to Defendant BOA as is required pursuant to 15 U.S.C. §1681(i).

41. On March 4, 2016, Defendant Experian informed Plaintiff that Plaintiff's Dispute was completed.  The results of the Dispute showed that neither Defendant BOA nor Defendant Experian deleted or removed the unlawful and incorrect information reported on Plaintiff's credit report regarding the BOA account.

42. Despite Plaintiff's request for verification and deletion, Defendant Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the accuracy of the disputed BOA account.

43. Despite receipt and knowledge of Plaintiff's Dispute, and notice that the Defendants were furnishing incorrect information for a debt discharged in Plaintiff's prior bankruptcy case, Defendant BOA failed to update the account to accurately reflect its discharged status.

44. Defendants are both still willfully furnishing and reporting the BOA account as "Charged Off" with a balance owed on Plaintiff's Experian credit report.

45. The Defendants' joint failures to conduct reasonable investigations of Plaintiff's Dispute caused Plaintiff emotional distress including anxiety, fear,

BANKRUPTCY LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

sleeplessness, nausea, and headaches.   As a direct and proximate result of the Defendants' conduct, Plaintiff was left without income for the month of February of 2016 and forced to endure the stressful situation of being unemployed with no means to obtain government assistance to pay for her most basic and essential needs.

46. The inaccurate information furnished and reported by Defendants negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a Debtor, and Plaintiff's credit worthiness.

47. As a result of the inaccurate and unlawful information reported on Plaintiff's Experian credit report, Plaintiff has been denied credit and has been offered credit at higher interest rates than she otherwise would have been able to obtain but for Defendants' conduct.  As a result, Plaintiff has suffered economic damage from lost opportunities to borrow, and in other instances has paid higher interest rates than he should have been entitled to.

48. As a result of the inaccurate and unlawful information reported on Plaintiff's Experian credit report, Plaintiff's employment was nearly terminated and Plaintiff's start date with City National Bank was significantly delayed without pay, costing Plaintiff approximately $5,625.00 in lost wages.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### WILLFUL FAILURE TO REINVESTIGATE
**15 U.S.C. §1681s-2(b)(1) and 15 U.S.C. §1681n**

[AS TO DEFENDANT BOA]

49. Plaintiff realleges and incorporates by reference Paragraphs 1 through 48, inclusive, as if fully set forth.

50. 15 U.S.C. §1681s-2(b)(1) provides that after receiving notice of a dispute with

BANKRUPTCY LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

regard to the completeness or accuracy of any information, the person receiving notice shall conduct an investigation with respect to the disputed information, review the consumer's dispute, and report to the CRA the results of the investigation, and either verify that the information being reported is accurate, or if the information cannot be verified, report those results to the CRA and modify, delete, or permanently block the reporting of the disputed item of information.

51. Upon being notified of a Consumer Dispute Verification request by Defendant Experian, Defendant BOA failed to conduct a reasonable investigation into Plaintiff's Dispute.

52. Plaintiff failed to comply with the requirements of 15 U.S.C. §1681s-2(b)(1) within the 30 day timeline laid out in 15 U.S.C. §1681i(a)(1).

53. By failing to properly modify, delete, or block the reporting of the inaccurate and unlawful false negative information regarding the BOA account within the time allotted under 15 U.S.C. § 1681i(a)(1), Defendant BOA violated 15 U.S.C. §1681s-2(b)(1).

54. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant BOA, Plaintiff suffered damages including a loss of credit, increased cost of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

55. As a direct and proximate result of this unlawful conduct, Plaintiff's employment was nearly terminated and Plaintiff's start date with City National Bank was significantly delayed without pay, costing Plaintiff approximately $5,625.00 in lost wages.

56. As a direct and proximate result of this unlawful conduct, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

57. 15 U.S.C. §1681n provides for civil liability for any party that willfully fails to comply with the provisions of 15 U.S.C. §§ 1681 *et. seq.*

BANKRUPTCY LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

58. Defendant BOA had actual knowledge through Plaintiff's Dispute that the information furnished to Experian regarding the BOA account was inaccurate.

59. Defendant BOA willfully failed to conduct a reasonable reinvestigation and did not delete, modify, or block its incorrect and unlawful information within the 30 day time period proscribed in 15 U.S.C. § 1681i(a)(1).

60. As such, Defendant BOA is liable to Plaintiff for her damages for willfully violating the FCRA pursuant to 15 U.S.C. §1681n.

## SECOND CAUSE OF ACTION

### NEGLIGENT FAILURE TO REINVESTIGATE
### 15 U.S.C. §1681s-2(b)(1) and §1681o

### [AS TO DEFENDANT BOA]

61. Plaintiff realleges and incorporates by reference Paragraphs 1 through 60, inclusive, as if fully set forth.

62. 15 U.S.C. §1681s-2(b)(1) provides that after receiving notice of a dispute with regard to the completeness or accuracy of any information, the person receiving notice shall conduct an investigation with respect to the disputed information, review the consumer's dispute, and report to the CRA the results of the investigation, and either verify that the information being reported is accurate, or if the information cannot be verified, report those results to the CRA and modify, delete, or permanently block the reporting of the disputed item of information.

63. Upon being notified of a Consumer Dispute Verification request by Defendant Experian, Defendant BOA failed to conduct a reasonable reinvestigation into Plaintiff's Dispute.

64. By failing to properly modify, delete, or block the reporting of the inaccurate and unlawful false negative information regarding the BOA account, Defendant

BANKRUPTCY LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

BOA failed to exercise reasonable care when notified of the dispute, therefore Defendant BOA negligently violated 15 U.S.C. §1681s-2(b)(1).

65. As a result of this unlawful conduct, action and inaction of Defendant BOA, Plaintiff suffered damages including a loss of credit, increased cost of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

66. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant BOA, Plaintiff's employment was nearly terminated and Plaintiff's start date with City National Bank was significantly delayed without pay, costing Plaintiff approximately $5,625.00 in lost wages.

67. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant BOA, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

68. Had Defendant BOA exercised reasonable care, they would have been aware of the Dispute initiated by Plaintiff, and a reasonably prudent investigation would have revealed that the information furnished to Experian regarding Plaintiff's BOA account was inaccurate.

69. Despite this, Defendant BOA failed to conduct a reasonable investigation and did not delete, modify, or block its incorrect and unlawful information.

70. As such, Defendant BOA is liable to Plaintiff for her damages for negligently failing to comply with the requirements of FCRA pursuant to 15 U.S.C. §1681o.

BANKRUPTCY LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

## THIRD CAUSE OF ACTION

## WILLFULLY FURNISHING INFORMATION DEFENDANT KNEW OR SHOULD HAVE KNOWN TO BE INACCURATE
### CAL. CIV. CODE §1785.25(a) & §1785.31(a)(2)

### [AS TO DEFENDANT BOA]

71. Plaintiff realleges and incorporates by reference Paragraphs 1 through 70, inclusive, as if fully set forth.

72. Cal. Civ. Code §1785.25(a) provides, "a person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

73. Cal. Civ. Code §1785.31 provides for civil liability for any party that willfully fails to comply with the provisions of the CCRA.

74. Through the Consumer Dispute Verification request, Plaintiff made Defendant BOA actually aware of their inaccurate information.

75. By failing to properly modify, delete, or block the reporting of the inaccurate and unlawful false negative information regarding the BOA account, Defendant BOA violated Cal. Civ. C. §1785.25(a).

76. By violating Cal. Civ. Code §1785.25(a), Defendant BOA is liable to Plaintiff for damages pursuant to Cal. Civ. Code §1785.31.

77. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant BOA, Plaintiff suffered damages including a loss of credit, increased cost of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

78. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant BOA, Plaintiff's employment was nearly terminated and Plaintiff's start date with City National Bank was significantly delayed without pay, costing Plaintiff approximately $5,625.00 in lost wages.

79. As a result of this unlawful conduct, action and inaction of Defendant BOA,

BANKRUPTCY LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

80. As such, Defendant BOA is liable to Plaintiff for her damages for willfully violating the CCRA pursuant to Cal. Civ. C. §1785.31(a)(2).

## FOURTH CAUSE OF ACTION

### FAILURE TO INVESTGATE
### CAL. CIV. CODE §1785.25(f) & §1785.31(a)(2)

[AS TO DEFENDANT BOA]

81. Plaintiff realleges and incorporates by reference Paragraphs 1 through 80, inclusive, as if fully set forth.

82. Cal. Civ. Code §1785.25(f) provides, "upon receiving notice of a dispute noticed pursuant to subdivision (a) of Section 1785.16 with regard to the completeness or accuracy of any information provided to a consumer credit reporting agency, the person that provided the information shall (1) complete an investigation with respect to the disputed information and report to the consumer credit reporting agency the results of that investigation before the end of the 30-business-day period beginning on the date the consumer credit reporting agency receives the notice of dispute from the consumer in accordance with subdivision (a) of Section 1785.16 and (2) review relevant information submitted to it.

83. When Plaintiff made her Consumer Dispute Verification request, Defendant BOA was required to do an investigation and review the information provided by Plaintiff.

84. Defendant BOA did not review the information provided by Plaintiff and did not perform any true investigation into the accuracy of the information it was furnishing regarding Plaintiff's BOA account, in violation of Cal. Civ. Code

BANKRUPTCY LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

§1785.25(f)

85. By violating Cal. Civ. Code §1785.25(f), Defendant BOA is liable to Plaintiff for damages pursuant to Cal. Civ. Code §1785.31.

86. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant BOA, Plaintiff suffered damages including loss of credit, increased cost of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

87. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant BOA, Plaintiff's employment was nearly terminated and Plaintiff's start date with City National Bank was significantly delayed without pay, costing Plaintiff approximately $5,625.00 in lost wages.

88. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant BOA, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

89. As such, Defendant BOA is liable to Plaintiff for her damages for willfully violating the CCRA pursuant to Cal. Civ. C. §1785.31(a)(2).

## FIFTH CAUSE OF ACTION

## WILLFUL FAILURE TO EMPLOY REASONABLE PROCEDURES TO ENSURE MAXIMUM ACCURACY OF CREDIT REPORTS
## 15 U.S.C. §1681e(b) & §1681n

### [AS TO DEFENDANT EXPERIAN]

90. Plaintiff realleges and incorporates by reference Paragraphs 1 through 89, inclusive, as if fully set forth.

91. Prior to Plaintiff's Dispute, Defendant Experian had already reported on Plaintiff's credit report the date and chapter of Plaintiff's bankruptcy filing. Defendant Experian had similarly reported that Plaintiff's other credit accounts

that existed prior to the date she filed bankruptcy were discharged in her bankruptcy case.

92. Through her Consumer Dispute Verification request, Plaintiff made Defendant Experian actually aware that the information it was reporting regarding the BOA account was inaccurate.

93. In preparing Plaintiff's credit reports, Defendant Experian failed to use reasonable procedures that "assure maximum possible accuracy" of information, in violation of 15 U.S.C. §1681e(b).

94. Experian's failure to comply with the requirements of 15 U.S.C. §1681e(b) was willful within the meaning of 15 U.S.C. §1681n(a).

95. As a result of this unlawful conduct, action and inaction of Defendant Experian, Plaintiff suffered damages including loss of credit, increased cost of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

96. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant Experian, Plaintiff's employment was nearly terminated and Plaintiff's start date with City National Bank was significantly delayed without pay, costing Plaintiff approximately $5,625.00 in lost wages.

97. As a direct and proximate result of Defendant Experian's unlawful conduct, and action and inaction, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

98. As such, Defendant Experian is liable to Plaintiff for her damages for willfully violating the FCRA pursuant to 15 U.S.C. §1681n.

# SIXTH CAUSE OF ACTION

## WILLFUL FAILURE TO EMPLOY REASONABLE PROCEDURES TO ENSURE MAXIMUM ACCURACY OF CREDIT REPORTS
### CAL. CIV. C.  §1785.14(b) & §1785.31(a)(2)

### [AS TO DEFENDANT EXPERIAN]

99.  Plaintiff realleges and incorporates by reference Paragraphs 1 through 98, inclusive, as if fully set forth.

100. Prior to Plaintiff's Dispute, Defendant Experian had already reported on Plaintiff's credit report the date and chapter of Plaintiff's bankruptcy filing. Defendant Experian had similarly reported that Plaintiff's other credit accounts that existed prior to the date she filed bankruptcy were discharged in her bankruptcy case.

101. Through her Consumer Dispute Verification request, Plaintiff made Defendant Experian actually aware that the information it was reporting regarding the BOA account was inaccurate.

102. In preparing Plaintiff's credit reports, Defendant Experian failed to use reasonable procedures that "assure maximum possible accuracy" of information, in violation of Cal. Civ. Code §1785.14(b).

103. Experian's failure to comply with the requirements of Cal. Civ. Code §1785.14(b) was willful within the meaning of Cal. Civ. Code §1785.31(a)(2).

104. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant Experian, Plaintiff suffered damages including loss of credit, increased cost of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

105. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant Experian, Plaintiff's employment was nearly terminated and Plaintiff's start date with City National Bank was significantly delayed without

pay, costing Plaintiff approximately $5,625.00 in lost wages.

106. As a result of this unlawful conduct, action and inaction of Defendant Experian, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

107. As such, Defendant Experian is liable to Plaintiff for her damages for willfully violating the CCRA pursuant to Cal. Civ. Code §1785.31(a)(2)..

### SEVENTH CAUSE OF ACTION

### NEGLIGENT FAILURE TO EMPLOY REASONABLE PROCEDURES TO ENSURE MAXIMUM ACCURACY OF CREDIT REPORTS
### 15 U.S.C. §1681e(b) & §1681o

### [AS TO DEFENDANT EXPERIAN]

108. Plaintiff realleges and incorporates by reference Paragraphs 1 through 107, inclusive, as if fully set forth.

109. Prior to Plaintiff's Dispute, Defendant Experian had already reported on Plaintiff's credit report the date and chapter of Plaintiff's bankruptcy filing. Defendant Experian had similarly reported that Plaintiff's other credit accounts that existed prior to the date she filed bankruptcy were discharged in her bankruptcy case.

110. Through her Consumer Dispute Verification request, Plaintiff made Defendant Experian actually aware that the information it was reporting regarding the BOA account was inaccurate.

111. In preparing Plaintiff's credit reports, Defendant Experian failed to use reasonable procedures that "assure maximum possible accuracy" of information, in violation of 15 U.S.C. §1681e(b).

112. Experian's failure to exercise reasonable care in complying with the requirements of 15 U.S.C. §1681e(b) was negligent within the meaning of 15

BANKRUPTCY LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

U.S.C. §1681o.

113. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant Experian, Plaintiff suffered damages including loss of credit, increased cost of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

114. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant Experian, Plaintiff's employment was nearly terminated and Plaintiff's start date with City National Bank was significantly delayed without pay, costing Plaintiff approximately $5,625.00 in lost wages.

115. As a result of this unlawful conduct, action and inaction of Defendant Equifax, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

116. As such, Defendant Experian is liable to Plaintiff for her damages for negligently failing to comply with the requirements of FCRA pursuant to 15 U.S.C. §1681o

**EIGHTH CAUSE OF ACTION**

**NEGLIGENT FAILURE TO EMPLOY REASONABLE PROCEDURES TO ENSURE MAXIMUM ACCURACY OF CREDIT REPORTS CAL. CIV. C. §1785.14(b) & §1785.31(a)(1)**

[AS TO DEFENDANT EXPERIAN]

117. Plaintiff realleges and incorporates by reference Paragraphs 1 through 116, inclusive, as if fully set forth.

118. Prior to Plaintiff's Dispute, Defendant Experian had already reported on Plaintiff's credit report the date and chapter of Plaintiff's bankruptcy filing. Defendant Experian had similarly reported that Plaintiff's other credit accounts that existed prior to the date she filed bankruptcy were discharged in her

bankruptcy case.

119. Through her Consumer Dispute Verification request, Plaintiff made Defendant Experian actually aware that the information it was reporting regarding the BOA account was inaccurate.

120. In preparing Plaintiff's credit reports, Defendant Experian failed to use reasonable procedures that "assure maximum possible accuracy" of information, in violation of Cal. Civ. Code §1785.14(b).

121. Experian's failure to exercise reasonable care in complying with the requirements of Cal. Civ. Code §1785.14(b) was negligent within the meaning of Cal. Civ. Code §1785.31(a)(1).

122. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant Experian, Plaintiff suffered damages including loss of credit, increased cost of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

123. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant Experian, Plaintiff's employment was nearly terminated and Plaintiff's start date with City National Bank was significantly delayed without pay, costing Plaintiff approximately $5,625.00 in lost wages.

124. As a result of this unlawful conduct, action and inaction of Defendant Equifax, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

125. As such, Defendant Experian is liable to Plaintiff for her damages for negligently failing to comply with the CCRA pursuant to Cal. Civ. Code §1785.31(a)(1).

## NINTH CAUSE OF ACTION

**WILLFUL FAILURE TO CONDUCT A REASONABLE INVESTIGATION, CONSIDER RELEVANT INFORMATION, AND DELETE OR MODIFY CONSUMER REPORT**
**15. U.S.C. §§ 1681i(a)(1), i(a)(4), i(a)(5) & §1681n**

[AS TO DEFENDANT EXPERIAN]

126. Plaintiff realleges and incorporates by reference Paragraphs 1 through 125, inclusive, as if fully set forth.

127. Defendant Experian was actually aware of Plaintiff's bankruptcy case and that the BOA account was discharged in said bankruptcy case.

128. 15 U.S.C. §1681i(a)(1) requires any CRA to conduct a reasonable reinvestigation of the accuracy of any record being reported when a consumer notifies any CRA that the consumer disputes an item being reported.

129. 15 U.S.C. §1681i(a)(4) requires any CRA review and consider all relevant information submitted by a consumer when the consumer disputes an item being reported.

130. 15 U.S.C. §1681i(a)(5) requires any CRA to promptly delete an item of information from a consumer report, or modify the information as appropriate if the item is found to be inaccurate or incomplete or cannot be verified.

131. 15 U.S.C. §1681(e)(b) requires any CRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

132. When Plaintiff submitted her Dispute to Defendant Experian, she provided Defendant Experian with actual notice that the information being reported by Defendant BOA regarding the BOA account was inaccurate and should be corrected to reflect that it was discharged in her bankruptcy case.

133. Defendant Experian did not delete or modify the information on Plaintiff's credit reports regarding her BOA account.

134. To date, Defendant Experian is still reporting the inaccurate information.

135. By willfully failing to conduct a reasonable investigation and delete or modify the information being reported on Plaintiff's credit report regarding the BOA account, Defendant Experian violated 15 U.S.C. §1681i(a)(1), i(a)(4), and i(a)(5).

136. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant BOA, Plaintiff suffered damage by loss of credit, increased cost of credit, loss of ability to purchase and benefit from credit, the humiliation and embarrassment of credit denials.

137. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant BOA, Plaintiff's employment was nearly terminated and Plaintiff's start date with City National Bank was significantly delayed without pay, costing Plaintiff approximately $5,625.00 in lost wages.

138. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant BOA, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

139. As such, Defendant Experian is liable to Plaintiff for her damages for willfully violating the FCRA pursuant to 15 U.S.C. §1681n.


## TENTH CAUSE OF ACTION

### WILLFUL FAILURE TO CONDUCT A REASONABLE INVESTIGATION, CONSIDER RELEVANT INFORMATION, AND DELETE OR MODIFY CONSUMER REPORT
### CAL. CIV. C. §1785.16 & §1785.31(a)(2)

### [AS TO DEFENDANT EXPERIAN]

140. Plaintiff realleges and incorporates by reference Paragraphs 1 through 139, inclusive, as if fully set forth.

141. Defendant Experian was actually aware of Plaintiff's bankruptcy case and that the BOA account was discharged in the bankruptcy case.

BANKRUPTCY LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

142. Cal Civ. Code §1785.16(b) requires any CRA to conduct a reasonable reinvestigation when a consumer disputes a reported item.

143. When Plaintiff submitted her Dispute to Defendant Experian, she provided Defendant Experian with actual notice that the information being reported by Defendant Experian regarding Plaintiff's BOA account was inaccurate and should be corrected to reflect that it was discharged in her bankruptcy case.

144. Defendant Experian did not delete or modify the information on Plaintiff's credit reports regarding her BOA account.  Defendant Experian is still reporting the inaccurate information.

145. By willfully failing to conduct a reasonable investigation and delete or modify the information being reported on Plaintiff's credit report regarding the BOA account, Defendant Experian violated Cal. Civ. Code §1785.16

146. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant BOA, Plaintiff suffered damages including loss of credit, increased cost of credit, loss of ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials.

147. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant BOA, Plaintiff's employment was nearly terminated and Plaintiff's start date with City National Bank was significantly delayed without pay, costing Plaintiff approximately $5,625.00 in lost wages.

148. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant BOA, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

149. As such, Defendant Experian is liable to Plaintiff for her damages for willfully violating the CCRA pursuant to Cal Civ. Code §1785.31(a)(2).

BANKRUPTCY LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

# ELEVENTH CAUSE OF ACTION

**NEGILGENT FAILURE TO CONDUCT A REASONABLE
INVESTIGATION, CONSIDER RELEVANT INFORMATION, AND
DELETE OR MODIFY CONSUMER REPORT
15. U.S.C. §§ 1681i(a)(1), i(a)(4), i(a)(5) & §1681o**

## [AS TO DEFENDANT EXPERIAN]

150. Plaintiff realleges and incorporates by reference Paragraphs 1 through 149, inclusive, as if fully set forth.

151. Defendant Experian was actually aware of Plaintiff's bankruptcy case and that the BOA account was discharged in the bankruptcy case.

152. 15 U.S.C. §1681i(a)(1) requires any CRA to conduct a reasonable reinvestigation of the accuracy of any record being reported when a consumer notifies any CRA that the consumer disputes an item being reported.

153. 15 U.S.C. §1681i(a)(4) requires any CRA review and consider all relevant information submitted by a consumer when the consumer disputes an item being reported.

154. 15 U.S.C. §1681i(a)(5) requires any CRA to promptly delete an item of information from a consumer report, or modify the information as appropriate if the item is found to be inaccurate or incomplete or cannot be verified.

155. 15 U.S.C. §1681(e)(b) requires any CRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

156. When Plaintiff submitted her Dispute to Defendant Experian, she provided Defendant Experian with actual notice that the information being reported by Defendant BOA regarding the BOA account was inaccurate and should be corrected to reflect that it was discharged in her bankruptcy case.

157. Defendant Experian did not delete or modify the information on Plaintiff's credit reports regarding her BOA account.

158. To date, Defendant Experian is still reporting the inaccurate information.

159. Defendant Experian's failure to exercise reasonable care and conduct a reasonable investigation and delete or modify the information being reported on Plaintiff's credit report regarding the BOA account was a negligent violation of 15 U.S.C. §1681i(a)(1), i(a)(4), and i(a)(5).

160. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant Experian, Plaintiff suffered damages including loss of credit, increased cost of credit, loss of ability to purchase and benefit from credit, the humiliation and embarrassment of credit denials.

161. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant BOA, Plaintiff's employment was nearly terminated and Plaintiff's start date with City National Bank was significantly delayed without pay, costing Plaintiff approximately $5,625.00 in lost wages.

162. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant BOA, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

163. As such, Defendant Experian is liable to Plaintiff for her damages for negligently failing to comply with the requirements of FCRA pursuant to 15 U.S.C. §1681o

**TWELFTH CAUSE OF ACTION**

**NEGILGENT FAILURE TO CONDUCT A REASONABLE INVESTIGATION, CONSIDER RELEVANT INFORMATION, AND DELETE OR MODIFY CONSUMER REPORT CAL. CIV. C. §1785.16 & §1785.31(a)(1)**

[AS TO DEFENDANT EXPERIAN]

164. Plaintiff realleges and incorporates by reference Paragraphs 1 through 163, inclusive, as if fully set forth.

165. Defendant Experian was actually aware of Plaintiff's bankruptcy case and that

BANKRUPTCY LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

the BOA account was discharged in the bankruptcy case.

166. Cal Civ. Code §1785.16(b) requires any CRA to conduct a reasonable reinvestigation when a consumer disputes a reported item.

167. When Plaintiff submitted her Dispute to Defendant Experian, she provided Defendant Experian with actual notice that the information being reported by Defendant BOA regarding the BOA account was inaccurate and should be corrected to reflect that it was discharged in her bankruptcy case.

168. Defendant Experian did not delete or modify the information on Plaintiff's credit reports regarding the BOA account.

169. To date, Defendant Experian is still reporting the inaccurate information.

170. Defendant Experian's failure to exercise reasonable care and conduct a reasonable investigation and delete or modify the information being reported on Plaintiff's credit report regarding the BOA account was a negligent violation of Cal. Civ. Code §1785.16

171. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, increased cost of credit, loss of ability to purchase and benefit from credit, the humiliation and embarrassment of credit denials.

172. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant Experian, Plaintiff's employment was nearly terminated and Plaintiff's start date with City National Bank was significantly delayed without pay, costing Plaintiff approximately $5,625.00 in lost wages.

173. As a direct and proximate result of this unlawful conduct, action and inaction of Defendant Experian, Plaintiff suffered emotional distress including anxiety, fear, sleeplessness, nausea, and headaches.

174. As such, Defendant Experian is liable to Plaintiff for her damages for negligently failing to comply with the CCRA pursuant to Cal Civ. Code §1785.31(a)(1).

BANKRUPTCY LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendants herein, respectfully request this Court enter a Judgment against Defendants as follows:

a.   That the conduct of Defendants complained of herein be determined and adjudged to be in violation of the rights of Plaintiff under the FCRA, and the CCRAA;

b.   An injunctive order mandating removal of all incorrect information and modification to reflect the discharged status of the BOA account from Plaintiff's Experian credit report;

c.   An award of actual damages subject to proof at trial against Defendant BOA pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1) and Cal. Civ. Code §§ 1785.31(a)(1) and 1785.31(a)(2);

d.   An award of punitive damages subject to proof at trial against Defendant BOA pursuant to 15 U.S.C. §1681n(a)(2) and Cal. Civ. Code §1785.31(a)(2)(B);

e.   An award of attorney's fees and costs of suit against Defendant BOA pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(b) and Cal. Civ. Code §§ 1785.31(a)(1) and 1785.31(a)(2);

f.   An award of actual damages subject to proof at trial against Defendant Experian pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1) and Cal. Civ. Code §§ 1785.31(a)(1) and 1785.31(a)(2);

g.   An award of punitive damages subject to proof at trial against Defendant Experian pursuant to 15 U.S.C. §1681n(a)(2) and Cal. Civ. Code §1785.31(a)(2)(B);

h.   An award of attorney's fees and costs of suit against Defendant Experian

BANKRUPTCY LAW CENTER, APC
1230 COLUMBIA ST.
SAN DIEGO, CA 92101

pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(b) and Cal. Civ. Code §§ 1785.31(a)(1) and 1785.31(a)(2); and

i.   For all such other and further relief as this Court may deem just and proper.


Bankruptcy Law Center, APC


Dated: August 30, 2016          By:      /s/ Ahren A. Tiller
                                         Ahren A. Tiller, Esq.
                                         Attorney for Plaintiff
                                         JOYCE MARIE LARGE

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable by jury.

Dated: August 30, 2016                    Bankruptcy Law Center, APC

                                    By:    /s/ Ahren A. Tiller
                                           Ahren A. Tiller, Esq.
                                           Attorneys for Plaintiff
                                           JOYCE MARIE LARGE